# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| A.B., <br><br>            Plaintiff, <br><br>    v. <br><br>**SHILO INN, SALEM, LLC (d.b.a. SHILO INN SALEM) and SUMMIT HOTEL TRS 085, LLC (d.b.a. RESIDENCE INN PORTLAND AIRPORT),** <br><br>            Defendants. | Case No. 3:23-cv-00388-IM <br><br>**OPINION AND ORDER GRANTING DEFENDANT SUMMIT HOTEL TRS 085, LLC'S MOTION TO DISMISS** |

Susanna Southworth, Restore the Child, PLLC, 2522 North Proctor Street, Suite 85, Tacoma, WA 98406. Kathryn L Avila, Levin Papantonio Rafferty, 316 S. Baylen Street, Suite 600, Penscola, FL 32502. Attorneys for Plaintiff.

Peder A. Rigsby, Bullivant Houser Bailey PC, One SW Columbia Street, Suite 800, Portland, OR 97204. Evelyn English Winters, Bullivant Houser Bailey, PC, 925 Fourth Avenue, Suite 3800, Seattle, WA 98104. Damian P. Stutz and Philip R. Bennett, Gilbert Levy Bennett, 5400 Meadows Road, #150, Lake Oswego, OR 97035. Attorneys for Defendant Shilo Inn, Salem, LLC.

Bobbi J. Edwards, Graham B. Miller, and Karin Schaffer. Wood Smith Henning & Berman, LLP, 12755 SW 69th Ave, Suite 100, Portland, OR 97223. Attorneys for Defendant Summit Hotel TRS 085, LLC.

**IMMERGUT, District Judge.**

Plaintiff A.B. ("Plaintiff") filed a complaint against Defendants Shilo Inn, Salem, LLC (d.b.a. Shilo Inn Salem) and Summit Hotel TRS 085, LLC (d.b.a. Residence Inn Portland Airport) (collectively, "Defendants") in this Court on March 16, 2023. ECF 1. Plaintiff alleges a violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1589 *et seq.*, arising out of her being sex trafficked at a two Oregon hotels. *Id.* at ¶¶ 127–131. On June 13, 2023, Defendant Summit Hotel TRS 085, LLC ("Summit Hotel") filed a motion to dismiss Plaintiff's complaint in its entirety with prejudice for failure to state a claim. ECF 17 at 1. In the alternative, Defendant moves to strike portions of Plaintiff's complaint or the complaint in its entirety. *Id.* at 1–2. Plaintiff filed a Response in Opposition on June 27, 2023, ECF 22, and Defendant filed a Reply on July 11, 2023, ECF 25. On August 10, 2023, Plaintiff filed a Notice of Supplemental Authority.[1] ECF 29.

Before this Court is Defendant Summit Hotel's Motion to Dismiss. ECF 17. For the following reasons, this Court GRANTS Defendant's motion to dismiss Plaintiff's complaint for failure state a claim. Accordingly, as Plaintiff's sole claim against Defendant is dismissed, this Court DENIES as moot Defendant's motion to strike.[2]

---

[1] In her Notice of Supplemental Authority, Plaintiff cites the recently issued Seventh Circuit opinion, *G.G. v. Salesforce.com*, No. 22-2621, 2023 WL 4944015 (7th Cir. Aug. 3, 2023). ECF 29 at 1. This Court notes that *G.G. v. Salesforce.com* is not binding authority in the District of Oregon. Moreover, *G.G. v. Salesforce.com* fails to offer meaningful guidance in this case, as the opinion addressed a "venture engaged in sex trafficking on a substantial scale" and explicitly characterized hotel sex-trafficking cases involving a specific victim as factually distinct. *See G.G.*, No. 22-2621, 2023 WL 4944015, at *9.

[2] Defendant seeks to strike facts alleged in Paragraphs 28, 29, 44, and 48 of Plaintiff's Complaint as outside the TVPRA's statute of limitations. ECF 17 at 23. Defendant further seeks to strike facts alleged in Paragraphs 65 through 86 as immaterial and redundant. *Id.* at 22–23. With respect to the first challenge, without deciding the issue, to the extent that the Complaint alleges conduct that falls outside the statute of limitations, this Court notes that such conduct may nevertheless be alleged as facts material to knowledge and notice of the Defendant. With

PAGE 2 – OPINION AND ORDER

**LEGAL STANDARDS**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus., Inc. v. Ikon Office Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a

---

respect to the second challenge, this Court notes that any paragraphs concerning articles, documents, or speeches by public officials, that post-date the alleged trafficking in this case, are not relevant to Defendant's knowledge or notice.

probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678).

## BACKGROUND

The following facts are taken from the complaint, and are accepted as true, for purposes of this motion. Plaintiff was 22 years old when she was first trafficked in Oregon. ECF 1 at ¶ 5. Beginning in September 2012 through March 2013, Plaintiff alleges she was sold by her trafficker for sex at the Shilo Inn Salem and Residence Inn Portland Airport ("Residence Inn Portland"). *Id.* at ¶¶ 26, 28, 44.

**A. Plaintiff's Trafficking at the Residence Inn Portland**

Defendant Summit Hotel owns and operates the Residence Inn Portland. *Id.* at ¶ 15. While at the Residence Inn Portland, Plaintiff was sold by her trafficker to at least seven "clients"—otherwise referred to as "buyers"—per night. *Id.* at ¶ 47. Plaintiff's trafficker would book her at the Residence Inn Portland anywhere from one to four nights at a time. *Id.* at ¶ 48. Plaintiff was placed at the hotel up to two times in the same month, for approximately six to twelve stays over four to five months. *Id.* Plaintiff alleges that she was trafficked there from February 28, 2013 through March 2, 2013; March 11, 2013 through March 12, 2013, and March 19, 2013 through March 21, 2013. *Id.* Plaintiff was trafficked to "clients" through internet advertisements for commercial sex posted on the following dates: December 16, 2012; December 19, 2012; December 26, 2012; February 5, 2013; February 7, 2013; February 19, 2013; and February 25, 2013 through February 27, 2013. *Id.* at ¶ 46.

Plaintiff alleges that during the seven-month period during which she was trafficked, there were "obvious signs" of Plaintiff being sex trafficked at the Residence Inn Portland. *Id.* at ¶ 61. These signs of sex trafficking included Plaintiff's lack of eye contact and malnourishment,

PAGE 4 – OPINION AND ORDER

the rental of a room with cash or debit by a man for a woman who did not enter the hotel at the same time, and constant foot traffic to and from Plaintiff's room. *Id.* In addition, Plaintiff's room exhibited signs of commercial sex work: used condoms in the trash, bottles of lubricants, boxes of condoms, and excessive requests for towels and linens. *Id.* at ¶¶ 61, 111.

Plaintiff alleges that her trafficker always booked the rooms directly from the front desk using a Residence Inn Portland employee's discount card, although her trafficker was not an employee and that data was allegedly known to Defendant via the central reservation system. *Id.* at ¶¶ 49, 51. After booking the room, her trafficker would get two keys and take one key to Plaintiff, who would be waiting in the car. *Id.* at ¶ 49. After waiting in the car while her trafficker checked in, Plaintiff would walk to the hotel room by herself, without ever having registered as a guest. *Id.* While Plaintiff was with "buyers," Plaintiff's trafficker used hotel wi-fi to post advertisements, set up "dates," and record Plaintiff's sexual acts. *Id.* at ¶ 52. Plaintiff alleges that such recordings would have signaled large amounts of data usage identifiable to the hotel. *Id.* at ¶ 53.

Plaintiff encountered the same hotel staff over the course of the time she was trafficked on the property. *Id.* at ¶ 60. Despite the alleged use of surveillance cameras throughout the hotel, no help or attention was given to Plaintiff by any hotel staff. *Id.* at ¶ 59. At an unspecified time, Plaintiff and her trafficker were arrested on property while registered guests. *Id.* at ¶ 58.

**B. Defendant's Alleged Knowledge of Sex Trafficking**

In her complaint, Plaintiff highlights the intersection of the sex trafficking and hotel industries, asserting that hotels play a "crucial role in the sex trade" by offering anonymity and non-traceability to those involved in sex trafficking. *Id.* at ¶¶ 65, 67. As a result, Plaintiff alleges that, in addition to implementing anti-trafficking policies, "[t]raining hotel staff to identify the signs of sex trafficking and sexual exploitation is a critical and obvious legal obligation for

PAGE 5 – OPINION AND ORDER

Defendant[]." *Id.* at ¶¶ 66, 123–24. Plaintiff alleges that Defendant, as a hotel owner and operator, was "cognizant of [its] role and responisbilt[y] in the sex trafficking industry for years." *Id.* at ¶ 84.

Plaintiff further alleges that Defendant was apprised of instances of sex trafficking at the Residence Inn Portland. *Id.* at ¶ 91. Plaintiff references three online reviews of the hotel ranging from 2017 to 2022, which describe a gang shooting, lack of cleanliness, evidence of drug use, theft, and general criminal activity. *Id.* at ¶ 93. Plaintiff asserts that "online reviews similar to those outlined above provided Defendant with actual and/or constructive knowledge of sex trafficking, commercial sex, forced prostitution, and the foreseeable risk of sex trafficking at the Residence Inn Portland." *Id.* at ¶ 94.

## DISCUSSION

### A.  Anonymity Under Federal Rule of Civil Procedure 10(a)

This Court first addresses Plaintiff's request for anonymity under Federal Rule of Civil Procedure 10(a). ECF 1 at ¶ 13. Due to Plaintiff's status as a victim of sex trafficking and the "sensitive nature" of the allegations in this case, Plaintiff seeks leave of this Court to proceed under the pseudonym "A.B." *Id.* Under Federal Rule of Civil Procedure 10(a), a complaint must "name all the parties." Fed. R. Civ. P. 10(a). "In this circuit, we allow parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (internal quotation marks and citation omitted). "[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068. The Ninth Circuit does not require a plaintiff to obtain leave to proceed anonymously before filing an anonymous pleading.

PAGE 6 – OPINION AND ORDER

*A.B. v. Hilton Worldwide Holdings Inc.*, 484 F. Supp. 3d 921, 945 (D. Or. 2020) (citation omitted). Because this Court finds the need for anonymity outweighs any prejudice to the Defendants and the public, this Court grants leave for Plaintiff to proceed under the pseudonym "A.B." in this case.[3]

## B.  TVPRA Claim

Defendant Summit Hotel moves to dismiss Plaintiff's complaint, arguing that Plaintiff has not stated a claim for relief under the TVPRA because Plaintiff has failed to name the proper party and has not sufficiently alleged the elements of a TVPRA claim.[4] ECF 17 at 3–4.

As an initial matter, this Court addresses Defendant's argument that Plaintiff's claim fails because Plaintiff has not named the proper party. Defendant contends that it only leases the Residence Inn Portland, while an unnamed operating company manages and operates the Residence Inn Portland through a franchise agreement. *Id.* at 3. Defendant asserts that Plaintiff has failed to allege facts that Defendant, as a building lessee and brand franchisee, is directly liable for Plaintiff's alleged injuries under the TVPRA. *Id.* at 3–4. However, Defendant has failed to provide any evidence of its management structure in support of its motion. Moreover, Plaintiff alleges that Defendant Summit Hotel is the "hotel owner, operator, manager, and supervisor" and that it "controls all training, procedures, and policies for the Residence Inn Portland." ECF 1 at ¶ 15. For the purposes of this motion, this Court accepts as true the facts as

---

[3] Plaintiff also requests a protective order under Federal Rule of Civil Procedure 26(c) to ensure the confidentiality of Plaintiff's identity throughout the case. ECF 1 at ¶ 13. This Court advises Plaintiff to file a motion for a protective order to address this information.

[4] Defendant also moves to dismiss Plaintiff's complaint—at least in part—on statute of limitations grounds. *See* ECF 17 at 20–21; ECF 25 at 8–9. However, because this Court finds that Plaintiff has failed to state a TVPRA claim, this Court need not consider the timeliness of Plaintiff's complaint at this stage.

PAGE 7 – OPINION AND ORDER

alleged by Plaintiff in the complaint and evaluates Defendant's motion on the merits accordingly. *See Daniels-Hall*, 629 F.3d at 998.

This Court next addresses the merits of Plaintiff's TVPRA claim. The TVPRA provides a private right of civil action for victims of sex trafficking. *Ditullio v. Boehm*, 662 F.3d 1091, 1094 (9th Cir. 2011). Section 1591 of the TVPRA defines sex trafficking as commercial sex activity either involving a minor or where "force, threats of force, fraud, coercion . . . , or any combination of such means [is] used to cause [a] person to engage in a commercial sex act." 18 U.S.C. § 1591(a). In outlining the private right of civil action for victims, Section 1595 provides that victims:

> may bring a civil action against the perpetrator *(or whoever knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter)* in an appropriate district court of the United States and may recover damages and reasonable attorney fees.

18 U.S.C. § 1595(a) (emphasis added). As such, the statute affords a civil remedy both against individuals who directly perpetrate trafficking and against individuals who financially benefit from participation in the trafficking venture. *Ditullio*, 662 F.3d at 1094 n.1. As a remedial statute, courts construe this statute liberally. *A.B. v. Wyndham Hotels & Resorts*, Inc., 532 F. Supp. 3d 1018, 1024 (D. Or. 2021).

Plaintiff brings a direct liability claim against Defendant Summit Hotel under a financial beneficiary theory. To state a financial beneficiary claim under Section 1595(a), Plaintiff must allege facts from which the Court can reasonably infer that Defendant (1) knowingly benefited financially (2) from "participation in a venture" (3) that Defendant "knew or should have known" engaged in sex trafficking as defined in 18 U.S.C. § 1591. *J.C. v. Choice Hotels Int'l*,

PAGE 8 – OPINION AND ORDER

*Inc.*, No. 20-CV-00155-WHO, 2020 WL 6318707, at *4 (N.D. Cal. Oct. 28, 2020) (citation omitted); *see id.* Defendant does not dispute the first element, that Defendant knowingly benefited financially.[5] However, Defendant argues that Plaintiff fails to plead facts sufficient to establish that Defendant *participated* in a venture or *knew or should have known* of its participation in a venture engaged in sex trafficking. This Court addresses each argument in turn.

  **1. Participation in a Venture**

  Defendants move to dismiss Plaintiff's complaint, arguing that Plaintiff has failed to sufficiently plead that Defendant "participated in a venture" that was engaged in sex trafficking. "[T]he phrase 'participation in a venture' requires [a plaintiff] to 'allege that the [defendant] took part in a common undertaking or enterprise involving risk and potential profit.'" *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 725 (11th Cir. 2021); *see also J.M. v. Choice Hotels Int'l, Inc.*, No. 222CV00672KJMJDP, 2022 WL 10626493, at *4 (E.D. Cal. Oct. 18, 2022). To satisfy the "participation" element of a civil TVPRA claim, Plaintiff need not allege that Defendant had actual knowledge of a venture engaged in trafficking by "force, threats of force, fraud, [or] coercion" or that Defendant performed an overt act in furtherance of the venture. *A.B.*, 532 F. Supp. 3d at 1025; *see* 18 U.S.C. § 1591(a); *cf. Does 1-6 v. Reddit, Inc.*, 51 F.4th 1137, 1141 (9th Cir. 2022) (observing that TVPRA's criminal standard is "higher" than the civil standard and requires actual knowledge). However, "[i]n the absence of direct association with traffickers, [Plaintiff] must 'allege at least a showing of a continuous business relationship between the

---

  [5] Moreover, as this Court has previously held, a plaintiff's allegations that "[the defendants] benefitted from [the plaintiff's] trafficking each time they received royalty payment for rooms in which [the plaintiff] was being kept" are "sufficient to meet the 'knowingly benefits' element" at this stage. *A.B. v. Hilton Worldwide*, 484 F. Supp. at 936. This Court finds that Plaintiff alleges sufficient facts that Defendant "knowingly benefitted" financially under the TVPRA.

PAGE 9 – OPINION AND ORDER

trafficker and [Defendant] such that it would appear that the trafficker and [Defendant] have established a pattern of conduct or could be said to have a tacit agreement.'" *Doe v. Mindgeek USA Inc.*, 558 F. Supp. 3d 828, 837 (C.D. Cal. 2021) (citations omitted).

      This Court finds that Plaintiff has failed to plausibly establish Defendant's participation in a venture engaged in sex trafficking. Plaintiff alleges that "[t]here was a continuous business relationship through the rental of rooms between Plaintiff's traffickers, Defendants . . . . , and the hotels they operated and owned." ECF 1 at ¶ 117. In alleging this business relationship, Plaintiff asserts that Defendant knowingly or negligently provided lodging to her trafficker, as well and lodging and anonymity to "buyers." *Id.* at ¶ 118. However, Plaintiff has failed to allege facts sufficient to establish a tacit agreement between Defendant and Plaintiff's trafficker, that the venture would involve commercial sex activity by "force, threats of force, fraud, [or] coercion," as required for relief under the TVPRA. *See* 18 U.S.C. § 1591(a).

      Plaintiff alleges that the "the Residence Inn Portland employees openly observed signs of [sex] trafficking [and] did not aid Plaintiff." ECF 1 at ¶ 92. For example, Plaintiff plausibly alleges the following indicators of commercial sex activity: bottles of lubricants, boxes of condoms, used condoms in the trash, excessive request for towels and linens, room rentals by Plaintiff's trafficker with cash or debit, room rental by a man for a woman who did not enter the hotel at the same time, and consistent foot traffic to Plaintiff's room. *Id.* at ¶ 61. Plaintiff claims that the Residence Inn Portland had numerous surveillance cameras throughout the hotel displaying "unusual and suspicious" behavior. *Id.* at ¶ 59. Although Plaintiff encountered the same hotel staff over the period in which she was trafficked, "no help or attention was given to [Plaintiff] by any hotel staff." *Id.* at ¶¶ 59–60. In considering these allegations, this Court notes that Plaintiff fails to allege facts to establish that any particular Residence Inn employee

*witnessed* these signs or was otherwise aware of Plaintiff's trafficking.[6] Although Plaintiff plausibly alleges indicia of commercial sex activity, when the victim is an adult, Section 1591 only provides a remedy for commercial sex activity involving "force, threats of force, fraud, [or] coercion." 18 U.S.C. § 1591(a). Because these allegations alone are not sufficient for this Court to conclude that Defendant ever witnessed signs of commercial sex activity by "force, threats of force, fraud, [or] coercion," as opposed to commercial sex activity generally, these facts do not establish Defendant's participation in a venture engaged in sex trafficking under the TVPRA.

Plaintiff also alleges that her trafficker would book rooms at the hotel with a Residence Inn Portland employee's discount card without being an employee, which Plaintiff asserts was data known to Defendant through the central reservation system. *Id.* at ¶¶ 49, 51. While Plaintiff was with a "buyer," Plaintiff's trafficker would often use the hotel's wi-fi to record the sex acts taking place inside the room, which would have signaled large amounts of data usage identifiable by the hotel. *Id.* at ¶¶ 52–53. Plaintiff further alleges that Defendant "failed or refused to require any human trafficking training despite knowing that trafficking was occurring at [the Residence Inn Portland]." *Id.* at ¶ 15. Plaintiff seems to suggest by these allegations that Defendant had an affirmative duty to monitor hotel systems for indicators of trafficking or provide training to employees. However, "the TVPRA does not impose an affirmative duty to police and prevent sex trafficking." *A.B.*, 532 F. Supp. 3d at 1027. Accordingly, this Court finds that these facts as pled also do not amount to participation under the TVPRA.

---

[6] Plaintiff also alleges that both Plaintiff and her trafficker were arrested on-site at the Residence Inn Portland while registered guests. ECF 1 at ¶ 58. However, Plaintiff has failed to allege at which point this arrest occurred, the circumstances of the arrest, and whether any of Defendant's employees observed the arrest.

PAGE 11 – OPINION AND ORDER

Accordingly, this Court finds that Plaintiff has failed to allege facts sufficient to establish Defendant's participation in a venture engaged in sex trafficking by force, threats of force, fraud, or coercion.

### 2. Actual or Constructive Knowledge

Defendant Summit Hotel also moves to dismiss Plaintiff's complaint by arguing that Plaintiff has failed to sufficiently plead that Defendant "knew or should have known" of its participation in a venture engaged in sex trafficking. To establish the knowledge element of her TVPRA claim, Plaintiff need only assert facts supporting Defendant's constructive knowledge of the venture in which it allegedly participated, i.e., that Defendant "rented rooms to people [it] knew or should have known were engaging in sex trafficking." *B.J. v. G6 Hosp., LLC*, No. 22-CV-03765-MMC, 2023 WL 3569979, at *5 (N.D. Cal. May 19, 2023) (citation omitted).

In alleging Defendant's knowledge, Plaintiff likewise relies on the indicators of Plaintiff's sex trafficking outlined above—including the use of an employee discount and signs of commercial sex activity in the room—to argue that Defendant had personal knowledge of Plaintiff's sex trafficking. Highlighting the intersection of sex trafficking and the hotel industry writ large, Plaintiff further asserts that Defendant has been generally "cognizant of [its] role and responsibilit[y] in the sex trafficking industry for years." ECF 1 at ¶ 84. Plaintiff also alleges that Defendant has been aware of sex trafficking occurring on-site at the Residence Inn Portland. *Id.* at ¶ 91. Plaintiff points to a number of hotel reviews of the property, which include allegations of a gang shooting, drug use, and theft on-site. *Id.* at ¶ 93. Plaintiff alleges that similar online reviews provided Defendant with actual or constructive knowledge of sex trafficking at the Residence Inn Portland. *Id.* at ¶ 94.

These allegations, even when viewed in the light most favorable to Plaintiff, fall short of plausibly alleging Defendant knew or should have known of its participation in a venture

PAGE 12 – OPINION AND ORDER

engaged in sex trafficking. Plaintiff has failed to allege that any hotel employees witnessed the above-described indicators of Plaintiff's trafficking or were otherwise on notice of commercial sex activity by "force, threats of force, fraud, [or] coercion," as opposed to commercial sex activity generally. *See* 18 U.S.C. § 1591(a). Absent such allegations, Plaintiff fails to plausibly establish Defendant "should have known" of Plaintiff's trafficking. Moreover, general knowledge of sex trafficking occurring at hotels across the United States is insufficient on its own to establish knowledge under the TVPRA. *See A.B.*, 484 F. Supp. 3d at 938. Finally, although Plaintiff highlights various allegations of criminal activity in reviews of the Residence Inn Portland, Plaintiff fails to cite to a single review which includes a report of sex trafficking or a review posted prior to the period of Plaintiff's trafficking. This Court finds that Plaintiff has failed to plausibly allege Defendant's actual or constructive knowledge of its participation in a venture engaged in sex trafficking.

Plaintiff has not alleged facts sufficient to state a financial beneficiary claim under the TVPRA. Accordingly, this Court GRANTS Defendants' motion to dismiss Plaintiff's TVPRA claim against Defendant with leave to amend.

## CONCLUSION

For the reasons stated above, Defendant Summit Hotel's Motion to Dismiss, ECF 17, is GRANTED with leave to amend. Any amended Complaint must be filed within thirty days of the issuance of this Opinion and Order.

**IT IS SO ORDERED**.

DATED this 15th day of August, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge