IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **A.B.**, <br><br>            Plaintiff, <br><br> v. <br><br> **SHILO INN, SALEM, LLC (d.b.a. SHILO INN SALEM); SHILO INN MANAGEMENT CORPORATION; INTERSTATE MANAGEMENT COMPANY, LLC (d.b.a. RESIDENCE INN PORTLAND AIRPORT)**, <br><br>            Defendants. | Case No. 3:23-cv-00388-IM <br><br> **OPINION AND ORDER GRANTING DEFENDANTS SHILO INN, SALEM, LLC AND SHILO MANAGEMENT CORPORATION'S MOTION TO DISMISS** |

Susanna Southworth, Restore the Child, PLLC, 2522 North Proctor Street, Suite 85, Tacoma, WA 98406. Kathryn L. Avila, Levin Papantonio Rafferty, 316 S. Baylen Street, Suite 600, Pensacola, FL 32502. Attorneys for Plaintiff.

Peder A. Rigsby, Bullivant Houser Bailey PC, One SW Columbia Street, Suite 800, Portland, OR 97204. Evelyn English Winters, Bullivant Houser Bailey, PC, 925 Fourth Avenue, Suite 3800, Seattle, WA 98104. Attorneys for Defendants Shilo Inn, Salem, LLC and Shilo Management Corporation.

**IMMERGUT, District Judge.**

      Plaintiff A.B. filed a complaint against Defendants Shilo Inn, Salem, LLC (d.b.a. Shilo Inn Salem), and Summit Hotel TRS 085, LLC (d.b.a. Residence Inn Portland Airport) in this Court on March 16, 2023. ECF 1. Plaintiff alleges a violation of the Trafficking Victims

PAGE 1 – OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595, arising out of her being sex trafficked at two Oregon hotels. *Id.* ¶¶ 127–31. On August 15, 2023, this Court granted Defendant Summit Hotel TRS 085, LLC's motion to dismiss Plaintiff's complaint for failure to state a claim. ECF 30. Plaintiff was granted leave to amend her complaint, and she filed her amended complaint on September 14, 2023. Amended Complaint ("Am. Compl."), ECF 36. In her amended complaint, Plaintiff again alleged violations of the TVPRA, this time against Shilo Inn, Salem, LLC, Residence Inn Portland Airport, and Shilo Management Corporation. *Id.* Defendant Shilo Inn, Salem, LLC moved to dismiss Plaintiff's claim against it. Mot. to Dismiss ("MTD"), ECF 38. Defendant Shilo Management Corporation moved to join in that Motion to Dismiss, ECF 41, and in the Reply, ECF 48, which this Court GRANTS. This Court treats Defendant Shilo Inn, Salem, LLC's Motion to Dismiss as a Joint Motion to Dismiss. In their joint motion, Shilo Inn, Salem, LLC and Shilo Management Corporation ("Defendants") argue that Plaintiff's amended complaint fails to state a claim against them. MTD, ECF 38 at 8–16. In the alternative, Defendants move to strike portions of Plaintiff's amended complaint or the amended complaint in its entirety. *Id.* at 16–19.

For the following reasons, this Court GRANTS Defendants' Motion to Dismiss Plaintiff's amended complaint for failure to state a claim.

## LEGAL STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l*

*Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus., Inc. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678).

## BACKGROUND

The following facts are taken from the amended complaint, and are accepted as true, for purposes of this motion. Plaintiff was 22 years old when she was first trafficked in Oregon. Am. Compl., ECF 36 ¶ 5. Beginning in September 2012 and continuing through March 2013, Plaintiff alleges she was sold by her trafficker for sex at the Shilo Inn Salem ("Shilo Inn"). *Id.* ¶¶ 29, 30.

A. **Plaintiff's Trafficking at the Shilo Inn**

Defendants Shilo Management Corporation and Shilo Inn, Salem, LLC own and operate the Shilo Inn. *Id.* ¶¶ 14, 15. While at the Shilo Inn, Plaintiff was sold by her trafficker to an average of seven "clients"—otherwise referred to as "buyers"—per night. *Id.* ¶ 32. Plaintiff's trafficker would intermittently rent rooms for approximately one month at a time between September 2012 and March 2013. *Id.* ¶ 30. Plaintiff alleges that police reports and Shilo Inn invoices document the trafficker renting rooms on February 19 and 20, 2013, and that a Shilo Inn room was rented under Plaintiff's name from February 26 to 27, 2013. *Id.* ¶ 31.

Plaintiff alleges that during the seven-month period during which she was trafficked, there were "obvious signs" of Plaintiff being sex trafficked at the Shilo Inn. *Id.* ¶¶ 44, 45, 88. These signs of sex trafficking included Plaintiff's lack of eye contact, the frequency and length of her stays, the rental of a room with cash or debit by a man for a woman who did not enter the hotel at the same time, and constant foot traffic to and from Plaintiff's room. *Id.* ¶ 45. In addition, Plaintiff's room exhibited signs of commercial sex work: used condoms in the trash, bottles of lubricants, boxes of condoms, and excessive requests for towels and linens. *Id.* Plaintiff encountered the same hotel staff over the course of the time she was trafficked on the property. *Id.* ¶ 43.

Plaintiff alleges that her trafficker always booked the rooms directly from the front desk. *Id.* ¶ 34. After booking the room, her trafficker would get two keys and take one key to Plaintiff, who would be waiting in the car. *Id.* ¶ 35. Plaintiff would walk to the hotel room by herself, without having registered as a guest. *Id.* ¶ 36. The "buyers" were not required to register with the hotel or register their vehicle information. *Id.* ¶ 42. While Plaintiff was with "buyers," Plaintiff's trafficker used hotel wi-fi to post advertisements, set up "dates," and record Plaintiff's sexual

acts. *Id.* ¶¶ 38, 39. Plaintiff alleges that such recordings would have signaled large amounts of data usage identifiable to the hotel. *Id.* ¶ 40.

Plaintiff further alleges that she and another victim were occasionally forced to share the room. The two would alternate in and out of the room, with one using the room for meeting a "client" while the other went to the hot tub or pool, which were located across from and in plain view of the hotel's front desk. *Id.* ¶ 37. On some occasions, Plaintiff's trafficker told her to wait in the lobby while the other victim used the room to have "dates." *Id.* The foot traffic in and out of the lobby area by Plaintiff, the victim that Plaintiff was forced to share a room with, and the trafficker was "continuous and prolific." *Id.*

**B. Defendants' Alleged Knowledge of Sex Trafficking**

In her amended complaint, Plaintiff highlights the intersection of the sex trafficking and hotel industries, asserting that hotels play a "crucial role in the sex trade" by offering anonymity and non-traceability to those involved in sex trafficking. *Id.* ¶ 76. As a result, Plaintiff alleges that, in addition to implementing anti-trafficking policies, "[t]raining hotel staff to identify the signs of sex trafficking and sexual exploitation is a critical and obvious legal obligation for Defendants." *Id.* ¶¶ 75, 86, 89. Plaintiff alleges that Defendants, as hotel owners and operators, were "cognizant of their role and responsibilities in the sex trafficking industry for years." *Id.* ¶ 93.

Plaintiff further alleges that Defendants were apprised of instances of sex trafficking at the Shilo Inn. *Id.* ¶ 97. Plaintiff references three online reviews of the hotel ranging from 2015 to 2021, which describe finding used condoms in rooms, "creepy men roaming the halls," lack of cleanliness, evidence of drug use, and general criminal activity. *Id.* Plaintiff asserts that "online reviews similar to those outlined above provided Defendants with actual and/or constructive

knowledge of sex trafficking, commercial sex, forced prostitution, and the foreseeable risk of sex trafficking at the Shilo Inn Salem." *Id.* ¶ 98; *see also id.* ¶ 46.

## DISCUSSION

### A. TVPRA Claim

Defendants Shilo Inn, Salem, LLC and Shilo Management Corporation move to dismiss Plaintiff's amended complaint, arguing that Plaintiff has not stated a claim for relief under the TVPRA because Plaintiff has not sufficiently alleged facts to plead the elements of a TVPRA claim. MTD, ECF 38 at 8–16. Defendants also move to dismiss Plaintiff's amended complaint—at least in part—on statute of limitations grounds. *See id.* at 16–17; Defs.' Reply, ECF 42 at 7–11. Because this Court finds that Plaintiff has failed to state a TVPRA claim, this Court need not consider the timeliness of Plaintiff's amended complaint at this stage.

The TVPRA provides a private right of civil action for victims of sex trafficking. *Ditullio v. Boehm*, 662 F.3d 1091, 1094 (9th Cir. 2011). Section 1591 of the TVPRA defines sex trafficking as commercial sex activity either involving a minor or where "force, threats of force, fraud, coercion . . . , or any combination of such means [is] used to cause [a] person to engage in a commercial sex act." 18 U.S.C. § 1591(a). In outlining the private right of civil action for victims, § 1595 provides that victims

> may bring a civil action against the perpetrator *(or whoever knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter)* in an appropriate district court of the United States and may recover damages and reasonable attorney fees.

18 U.S.C. § 1595(a) (emphasis added). The statute affords a civil remedy both against individuals who directly perpetrate trafficking and against individuals who financially benefit from participation in the trafficking venture. *See Ditullio*, 662 F.3d at 1094 n.1. As a remedial

PAGE 6 – OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

statute, courts construe the TVPRA liberally. *A.B. v. Wyndham Hotels & Resorts, Inc.*, 532 F. Supp. 3d 1018, 1024 (D. Or. 2021).

Plaintiff brings a direct liability claim against Defendants under a financial beneficiary theory. To state a financial beneficiary claim under § 1595(a), Plaintiff must allege facts from which this Court can reasonably infer that Defendants (1) knowingly benefited financially (2) from "participation in a venture" (3) that Defendants "knew or should have known" engaged in sex trafficking as defined in 18 U.S.C. § 1591. *J.C. v. Choice Hotels Int'l, Inc.*, No. 20-cv-00155-WHO, 2020 WL 6318707, at *4 (N.D. Cal. Oct. 28, 2020) (citation omitted). Defendants do not dispute the first element, that they knowingly benefited financially.[1] However, Defendants argue that Plaintiff fails to plead facts sufficient to establish that Defendants *participated* in a venture or *knew or should have known* of their participation in a venture engaged in sex trafficking. This Court addresses each argument in turn.

1. **Participation in a Venture**

Defendants move to dismiss Plaintiff's amended complaint, arguing that Plaintiff has failed to sufficiently plead that Defendants "participated in a venture" that was engaged in sex trafficking. MTD, ECF 38 at 8–12. "[T]he phrase 'participation in a venture' requires [a plaintiff to] allege that the [defendant] took part in a common undertaking or enterprise involving risk and potential profit." *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 725 (11th Cir. 2021); *see also J.M. v. Choice Hotels Int'l, Inc.*, No. 2:22-cv-00672-KJM-JDP, 2022 WL 10626493, at *4 (E.D. Cal.

---

[1] Nor could they dispute the first element. As this Court has previously held, a plaintiff's allegations that "[the defendants] benefited from [the plaintiff's] trafficking each time they received royalty payment for rooms in which [the plaintiff] was being kept" are "sufficient to meet the 'knowingly benefits' element" at this stage. *A.B. v. Hilton Worldwide Holdings Inc.*, 484 F. Supp. 3d 921, 936 (D. Or. 2020). This Court finds that Plaintiff alleges sufficient facts that Defendants "knowingly benefitted" financially under the TVPRA.

PAGE 7 – OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Oct. 18, 2022) (citation omitted). To satisfy the "participation" element of a civil TVPRA claim, Plaintiff need not allege that Defendants had actual knowledge of a venture engaged in trafficking by "force, threats of force, fraud, [or] coercion" or that Defendants performed an overt act in furtherance of the venture. *A.B.*, 532 F. Supp. 3d at 1024; *see* 18 U.S.C. § 1591(a); *cf. Does 1-6 v. Reddit, Inc.*, 51 F.4th 1137, 1141 (9th Cir. 2022) (observing that TVPRA's criminal standard is "higher" than the civil standard and requires actual knowledge). However, "[i]n the absence of direct association with traffickers, Plaintiff must 'allege at least a showing of a continuous business relationship between the trafficker and [Defendants] such that it would appear that the trafficker and [Defendants] have established a pattern of conduct or could be said to have a tacit agreement.'" *Doe v. Mindgeek USA Inc.*, 558 F. Supp. 3d 828, 837 (C.D. Cal. 2021) (citations omitted).

    This Court finds that Plaintiff has failed to plausibly establish Defendants' participation in a venture engaged in sex trafficking. Plaintiff alleges that "[t]here was a continuous business relationship through the rental of rooms between Plaintiff's trafficker, Defendants . . . . , and the hotels they managed and operated." Am. Compl., ECF 36 ¶ 126. In alleging this business relationship, Plaintiff asserts that Defendants knowingly or negligently provided lodging to her trafficker, as well as lodging and anonymity to "buyers." *Id.* ¶ 127. However, Plaintiff has failed to allege facts sufficient to establish a tacit agreement between Defendants and Plaintiff's trafficker that the venture would involve commercial sex activity by "force, threats of force, fraud, [or] coercion," as required for relief under the TVPRA. *See* 18 U.S.C. § 1591(a).

    Plaintiff alleges that Shilo Inn staff "encountered obvious signs of human trafficking," but "failed to recognize or report Plaintiff's trafficking." Am. Compl., ECF 36 ¶ 45. For example, Plaintiff plausibly alleges the following indicators of commercial sex activity: bottles

of lubricants, boxes of condoms, used condoms in the trash, excessive request for towels and linens, room rentals by Plaintiff's trafficker with cash or debit, room rental by a man for a woman who did not enter the hotel at the same time, and consistent foot traffic to Plaintiff's room. *Id.* Although Plaintiff encountered the same hotel staff over the period in which she was trafficked, she alleges that those staff members "were inadequately trained and unprepared to address the ongoing torture the Plaintiff endured while she was regularly trafficked for sex." *Id.* ¶ 43. In considering these allegations, this Court notes that Plaintiff fails to allege facts to establish that any particular Shilo Inn employee *witnessed* these signs or was otherwise aware of Plaintiff's trafficking.² Although Plaintiff plausibly alleges indicia of commercial sex activity, when the victim is an adult, § 1591 only provides a remedy for commercial sex activity involving "force, threats of force, fraud, [or] coercion." 18 U.S.C. § 1591(a). Because these allegations alone are not sufficient for this Court to conclude that Defendants ever witnessed signs of commercial sex activity by "force, threats of force, fraud, [or] coercion," as opposed to commercial sex activity generally, these facts do not establish Defendants' participation in a venture engaged in sex trafficking under the TVPRA.

Plaintiff also alleges that her trafficker would often use the hotel's wi-fi to record the sex acts taking place inside the room, which would have signaled large amounts of data usage identifiable by the hotel. Am. Compl., ECF 36 ¶¶ 39–40. Plaintiff further alleges that Defendants "failed or refused to require any human trafficking training despite knowing that trafficking was occurring at [the Shilo Inn]." *Id.* ¶¶ 14(g), 15(m). Plaintiff seems to suggest by these allegations that Defendants had an affirmative duty to monitor hotel systems for indicators of trafficking or

---

² While Plaintiff alleges that both Plaintiff and her trafficker were arrested on-site at the Residence Inn Portland while registered guests, Am. Compl., ECF 36 ¶ 65, she does not allege that an arrest occurred at Shilo Inn.

PAGE 9 – OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

provide training to employees. However, "the TVPRA does not impose an affirmative duty to police and prevent sex trafficking." *A.B.*, 532 F. Supp. 3d at 1027 (citation omitted). Accordingly, this Court finds that these facts as pled also do not amount to participation under the TVPRA.

Therefore, this Court finds that Plaintiff has failed to allege facts sufficient to establish Defendants' participation in a venture engaged in sex trafficking by force, threats of force, fraud, or coercion.

### 2. Actual or Constructive Knowledge

Defendants also move to dismiss Plaintiff's amended complaint by arguing that Plaintiff has failed to sufficiently plead that Defendants "knew or should have known" of their participation in a venture engaged in sex trafficking. MTD, ECF 38 at 12–16. To establish the knowledge element of her TVPRA claim, Plaintiff need only assert facts supporting Defendants' constructive knowledge of the venture in which they allegedly participated, i.e., that Defendants "rented rooms to people they knew or should have known were engaging in sex trafficking." *B.J. v. G6 Hosp., LLC*, No. 22-cv-03765-MMC, 2023 WL 3569979, at *5 (N.D. Cal. May 19, 2023) (citation omitted).

In alleging Defendants' knowledge, Plaintiff relies on the indicators of Plaintiff's sex trafficking outlined above to argue that Defendants had personal knowledge of Plaintiff's sex trafficking. Highlighting the intersection of sex trafficking and the hotel industry writ large, Plaintiff further asserts that Defendants have been generally "cognizant of their role and responsibilities in the sex trafficking industry for years." Am. Compl., ECF 36 ¶ 93. Plaintiff also alleges that Defendants have been aware of sex trafficking occurring on-site at the Shilo Inn. *Id.* ¶¶ 96–99. Plaintiff points to a number of hotel reviews of the property, which include allegations of finding used condoms in rooms, "creepy men roaming the halls," lack of

PAGE 10 – OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

cleanliness, evidence of drug use, and general criminal activity. *Id.* ¶ 97. Plaintiff alleges that similar online reviews provided Defendants with actual or constructive knowledge of sex trafficking at the Shilo Inn. *Id.* ¶ 98.

These allegations, even when viewed in the light most favorable to Plaintiff, fall short of plausibly alleging Defendants knew or should have known of its participation in a venture engaged in sex trafficking. Plaintiff has failed to allege that any hotel employees witnessed the above-described indicators of Plaintiff's trafficking or were otherwise on notice of commercial sex activity by "force, threats of force, fraud, [or] coercion," as opposed to commercial sex activity generally. *See* 18 U.S.C. § 1591(a). Absent such allegations, Plaintiff fails to plausibly establish Defendants "should have known" of Plaintiff's trafficking. Moreover, general knowledge of sex trafficking occurring at hotels across the United States is insufficient on its own to establish knowledge under the TVPRA. *See A.B.*, 484 F. Supp. 3d at 938. Finally, although Plaintiff highlights various allegations of criminal activity in reviews of the Shilo Inn, Plaintiff fails to cite to a single review posted prior to the period of Plaintiff's trafficking. This Court finds that Plaintiff has failed to plausibly allege Defendants' actual or constructive knowledge of their participation in a venture engaged in sex trafficking.

Plaintiff has not alleged facts sufficient to state a financial beneficiary claim under the TVPRA. Accordingly, this Court GRANTS Defendants' motion to dismiss Plaintiff's TVPRA claim against Defendants.

///

///

///

///

PAGE 11 – OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss, ECF 38, is GRANTED. Defendants Shilo Inn, Salem, LLC and Shilo Management Corporation are dismissed from this case with prejudice.

**IT IS SO ORDERED**.

DATED this 20th day of December, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge