IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **A.B.**, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**INTERSTATE MANAGEMENT COMPANY, LLC**, d/b/a **RESIDENCE INN PORTLAND AIRPORT**,<br><br>　　　　　Defendant. | Case No. 3:23-cv-00388-IM<br><br>**OPINION AND ORDER DENYING DEFENDANT INTERSTATE MANAGEMENT COMPANY, LLC'S MOTION TO DISMISS** |

Joel Shapiro, Law Office of Joel Shapiro, LLC, 1420 NW Lovejoy Street, Suite 631, Portland, OR 97209. Susanna L. Southworth, Restore the Child, PLLC, 2522 North Proctor Street, Suite 85, Tacoma, WA 98406. Attorneys for Plaintiff.

Francis J. Torrence and Meryl Hulteng, Lewis Brisbois Bisgaard & Smith LLP, 888 SW Fifth Avenue, Suite 900, Portland, OR 97204. Attorneys for Defendant.

**IMMERGUT, District Judge.**

　　Plaintiff A.B. ("Plaintiff") alleges that Defendant Interstate Management Company, LLC, doing business as Residence Inn Portland Airport ("Residence Inn" or "Defendant"), violated the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595, by

PAGE 1 – OPINION AND ORDER DENYING MOTION TO DISMISS

facilitating, harboring, and benefitting from the trafficking of Plaintiff at the Residence Inn. Second Amended Complaint ("SAC"), ECF 70 ¶¶ 120–24. Defendant moves to dismiss the SAC under Federal Rule of Civil Procedure 12(b)(6), or in the alternative, to strike various allegations under Rule 12(f). Motion to Dismiss for Failure to State a Claim ("Mot."), ECF 71.

As explained below, Plaintiff has sufficiently pleaded that Defendant participated in a commercial sex venture involving Plaintiff, and that Defendant knew or should have known that the commercial sex venture involved the use of force, threat of force, fraud, coercion, or a combination thereof to cause Plaintiff to engage in commercial sex acts. Plaintiff's allegations are also timely. Further, Defendant has not demonstrated that any of Plaintiff's allegations should be stricken. Accordingly, Defendant's Motion is denied.

## LEGAL STANDARDS

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to state a "claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). That means the "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If a plaintiff cannot "nudge the claim across the line from conceivable to plausible, the complaint must be dismissed." *Twombly*, 550 U.S. at 570 (cleaned up). At this stage, the court must accept as true all factual allegations, *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 969 (9th Cir. 2017), draw all reasonable inferences in favor of the non-moving party, *id.*, and take care to "examine the allegations of the complaint as a whole," *Khachatryan v. Blinken*, 4 F.4th 841, 854 (9th Cir. 2021).

PAGE 2 – OPINION AND ORDER DENYING MOTION TO DISMISS

**BRIEF BACKGROUND**

This Court assumes the parties are familiar with the background of this case, which is set out in this Court's Opinion and Order Granting Defendant's Motion for Judgment on the Pleadings. ECF 69 at 3–6. In that Opinion, this Court found that Plaintiff sufficiently pleaded that Defendant participated in a commercial sex venture involving Plaintiff, but did not sufficiently plead that Defendant knew or should have known that the commercial sex venture involved the use of force, threat of force, fraud, coercion, or a combination thereof. *Id.* at 2. This Court granted Plaintiff leave to amend. *Id.* at 16–17. On September 12, 2024, Plaintiff filed the SAC. ECF 70. Defendant moved to dismiss the SAC on September 26, 2024. ECF 71.

**DISCUSSION**

**A. Motion to Dismiss**

Plaintiff brings a direct liability claim against Defendant under a financial beneficiary theory. SAC, ECF 70 ¶¶ 122–24. To state a financial beneficiary claim under § 1595(a), Plaintiff, an adult victim, must allege facts from which this Court can reasonably infer that Defendant (1) knowingly benefited financially (2) from "participation in [a] venture" (3) that Defendant "knew or should have known" involved sex trafficking as defined in 18 U.S.C. § 1591.[1]

Defendant argues that Plaintiff has failed to state a claim for relief under the TVPRA because she has not sufficiently alleged facts to plead the participation and knowledge elements and that some of Plaintiff's allegations are time-barred. Mot., ECF 71 at 9–21.

---

[1] *G.G. v. Salesforce.com, Inc.*, 76 F.4th 544, 553 (7th Cir. 2023); *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 726 (11th Cir. 2021); *J.C. v. Choice Hotels Int'l, Inc.*, No. 20-cv00155-WHO, 2020 WL 6318707, at *4 (N.D. Cal. Oct. 28, 2020).

1. **Participation**

This Court already found that Plaintiff sufficiently pleaded participation the venture and adopts that reasoning here. *See* Opinion and Order Granting Defendant's Motion for Judgment on the Pleadings, ECF 69 at 9–11. While this Court's prior Opinion applied the standard for a motion for judgment on the pleadings raising the defense of failure to state a claim, that standard is the same as the standard governing a Rule 12(b)(6) motion. *See McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). Plaintiff has sufficiently alleged participation.

2. **Knowledge**

This Court previously listed several indicia courts have found sufficient to plead knowledge at the pleadings stage, including: visible signs of abuse, such as malnourishment; the trafficker overtly exerting control over the plaintiff in public areas of the hotel; screaming or noise from the plaintiff's hotel room; or traffickers or others physically assaulting the plaintiff in public areas of the hotel. Opinion Granting Defendant's Motion for Judgment on the Pleadings, ECF 69 at 12–13.

Plaintiff alleges the following in the SAC:

1) **Malnourishment:** Plaintiff's trafficker controlled and restricted her food intake; only Plaintiff's trafficker, never Plaintiff, would bring food or groceries into the hotel room. ECF 70. ¶ 41. Plaintiff's trafficker would limit her intake to 500 calories per day and forcing her to take human chorionic gonadotropin drops to lose weight. *Id.* ¶ 50. This caused Plaintiff to feel and look fatigued when she left her hotel room. *Id.*

2) **Control over Plaintiff's movement:** When on Defendant's property, Plaintiff had no freedom of movement; her trafficker always escorted her when she left her hotel room. *Id.* ¶ 38. The only time Plaintiff was allowed to leave the room unaccompanied by her trafficker was to let a "john" into the hotel or meet a "john" in the lobby. *Id.* When Plaintiff was on Defendant's property, the trafficker was either in the hotel lobby or in his car in the parking lot in front of the hotel. *Id.* The hotel security cameras would have recorded the trafficker frequently sitting in his car out front of the hotel or near the hotel front door. *Id.* ¶ 41.

PAGE 4 – OPINION AND ORDER DENYING MOTION TO DISMISS

3) **Loud noise:** If Plaintiff did not do as she was told, her trafficker would yell at her and throw her on the bed or push her against the wall in the hotel room, causing loud and excessive noise. *Id.* ¶¶ 41–42.

4) **Inappropriate dress:** Plaintiff was always wearing inappropriate attire for the weather like spandex bootie shorts and a strappy top, which she would wear whenever she left the room to meet a "john." *Id.* ¶ 40.

Drawing all reasonable inferences Plaintiff's favor, this Court finds that the SAC sufficiently alleges Defendant's actual or constructive knowledge. Plaintiff alleges visible signs of malnourishment: because her trafficker controlled and restricted her food intake, Plaintiff felt and looked fatigued when she left her hotel room. She also alleges that her trafficker exerted control over her in public areas of the hotel by escorting her everywhere, or otherwise only allowing her to leave the hotel room alone to meet "johns" in the lobby. Plaintiff also alleges that her trafficker would yell at her and throw her on the bed or push her against the wall in the hotel room, causing loud noises. Finally, Plaintiff alleges that she was inappropriately dressed for the weather, often wearing bootie shorts and a strappy top. These allegations are sufficient.

Defendant's contrary arguments are unpersuasive. Defendant argues Plaintiff still fails to allege knowledge because she "fails to assert that the hotel employees observed sex trafficking rather than commercial sex generally." Mot., ECF 71 at 17. Defendant asserts that Plaintiff's allegation that "she was accompanied by her trafficker at all times" is inconsistent with other allegations that she received her own key to hotel rooms which she would walk to by herself. *Id.* at 17–18. But contrary to Defendant's characterization, Plaintiff never alleges that she was accompanied by her trafficker "at all times"; rather, she alleges she had "no freedom of movement" while at the Residence Inn. SAC, ECF 70 ¶ 38. The allegation that the trafficker would make Plaintiff wait in the car while he checked in, and that she would enter the hotel room

PAGE 5 – OPINION AND ORDER DENYING MOTION TO DISMISS

without ever registering as a guest, *see id.* ¶¶ 37–38, supports the allegation that her trafficker controlled her movement.

Defendant also argues Plaintiff's allegation of malnourishment, "alone, absent other indicia of physical or mental force," is insufficient. Mot., ECF 71 at 19. But in the case Defendant cites in support, *A.C. v. Red Roof Inns, Inc.*, the court found that malnourishment, in addition to the plaintiff being "routinely escorted by her traffickers in view of the front desk" and "while inappropriately dressed" was sufficient. No. 2:19-CV-4965, 2020 WL 3256261, at *5 (S.D. Ohio June 16, 2020). While the plaintiff in *Red Roof Inns* also alleged that she was forcibly escorted, the court did not base its finding of knowledge on that particular fact alone. *Id.* (listing several allegations and finding them, together, sufficient to survive a motion to dismiss). Like the plaintiff in *Red Roof Inns*, in addition to alleging she appeared malnourished, Plaintiff here has alleged being routinely escorted by her trafficker in the hotel, being inappropriately dressed in view of hotel staff, and being subjected to violence and loud yelling in the hotel room.

Finally, Defendant provides no case law supporting its assertion that Plaintiff must allege, in addition to the fact that loud noise was coming from her hotel room, that Residence Inn staff received a noise complaint. *See* Mot., ECF 71 at 19. Plaintiff has sufficiently pleaded knowledge.

### 3. Statute of Limitations

Defendant also moves to dismiss Plaintiff's allegations that pre-date March 16, 2013—ten years prior to the filing of her complaint—as time-barred. Mot., ECF 70 at 20–21.

The statute of limitations is an affirmative defense. *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1122 (9th Cir. 2007). Thus, to dismiss a complaint on these grounds, "it must appear 'beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" *Rand v. Midland Nat'l Life Ins.*, 857 F. App'x. 343, 346 (9th Cir.

Apr. 16, 2021) (quoting *Supermail Cargo, Inc  v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995)).

The TVPRA states that, for adult victims, "[n]o action may be maintained . . . unless it is commenced not later than . . . 10 years after the cause of action arose." 18 U.S.C. § 1595(c)(1). Plaintiff alleges that she was sex trafficked at the Residence Inn at minimum "from February 28, 2013 through March 2, 2013; March 11, 2013 through March 12, 2013; and March 19, 2013 through March 21, 2013." SAC, ECF 70 ¶ 30. She filed suit on March 16, 2023. Complaint, ECF 1. As this Court stated in its Opinion on Judgment on the Pleadings in response to Defendant's statute of limitations argument, "Plaintiff has pleaded some allegations that fall within the TVPRA's ten-year statute of limitations, as measured from the date on which she filed her initial Complaint in this case." ECF 69 at 7 n.1.

The question is whether Plaintiff's allegations of incidents of trafficking that occurred before March 16, 2013, must be dismissed at this stage. This Court finds that dismissal at this time would be inappropriate because it appears that, as Plaintiff argues, the continuing tort doctrine may apply, making all of Plaintiff's allegations of trafficking timely. This Court need not make a definitive ruling on that issue at this stage because Plaintiff alleges at least one incident which is within the statute of limitations. Furthermore, even if this Court ultimately determines that the continuing tort doctrine does not apply, the earlier alleged incidents would likely be admissible at trial as evidence of Defendant's knowledge under the TVPRA.

Plaintiff argues that the continuing tort doctrine applies. Response to Defendant's Motion to Dismiss ("Resp."), ECF 72 at 20–21. This doctrine applies "where there is no single incident that can fairly or realistically be identified as the cause of significant harm." *Flowers v. Carville*, 310 F.3d 1118, 1126 (9th Cir. 2002) (internal quotation marks omitted). In these situations, the

PAGE 7 – OPINION AND ORDER DENYING MOTION TO DISMISS

statute of limitations does not begin to run until the continuing wrongful conduct ends. *Id.* Several courts, including district courts in this circuit, have characterized conduct under the TVPRA as a continuing tort.[2] This Court has located at least one case where a court declined to apply the continuing tort doctrine to the plaintiff's TVPRA claim, but dismissed the complaint on other grounds.[3]

This Court finds that the continuing tort doctrine may apply here, given Plaintiff's alleged continuous trafficking. A financial beneficiary claim under 42 U.S.C. § 1591(a) involves alleging a combination of acts that, considered together, demonstrate the defendant's knowledge of financial benefit from participation in a commercial sex venture that the defendant knew or should have known occurred by force, fraud, coercion, or a combination thereof. As is demonstrated by this Court's analysis in the two prior sections, this determination requires an assessment of all of the circumstances, including evidence of Defendant's knowledge of force, fraud, or coercion.

The TVPRA violation alleged here is arguably akin to a hostile work environment claim, an area where the Supreme Court has held that the continuing tort doctrine applies. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002). This is so because hostile work environment claims by "[t]heir very nature involve[] repeated conduct," they often "occur[] over

---

[2] *See, e.g., J.M. v. Choice Hotels Int'l, Inc.*, No. 2:22-CV-00672, 2022 WL 10626493, at *6 (E.D. Cal. Oct. 18, 2022) (applying continuing tort doctrine to TVPRA claims and denying defendants' motions to dismiss on those grounds); *Headley v. Church of Scientology Int'l*, No. CV-09-3987, 2009 WL 10671965, at *6 (C.D. Cal. Aug. 12, 2009) (same); *see also Schneider v. OSG, LLC*, No. 22-CV-7686, 2024 WL 1308690, at *5 (E.D.N.Y. Mar. 27, 2024) (same).

[3] *See Lundstrom v. Holiday Hosp. Franchising, LLC*, No. 1:22-CV-056, 2023 WL 4424725, at *10 (D.N.D. May 22, 2023).

PAGE 8 – OPINION AND ORDER DENYING MOTION TO DISMISS

a series of days or perhaps years." *Id.* 116–17. Like hostile work environment claims, claims of trafficking under the TVPRA often by their very nature involve repeated conduct occurring over a series of days, weeks, or more, that together forms one wrongful financial scheme. *See Headley v. Church of Scientology Int'l*, No. CV-09-3987, 2009 WL 10671965, at *6 (C.D. Cal. Aug. 12, 2009) (finding TVPRA allegations "analogous to a hostile work environment claim" and applying continuing violation doctrine).

Applied here, Plaintiff's claim did not accrue until the date of her last alleged injury. *See Flowers*, 310 F.3d at 1126. Plaintiff alleges she was sex trafficked at the Residence Inn on various dates from February 28, 2013, to March 21, 2013. Since she filed suit on March 16, 2023, less than ten years from March 21, 2013, at least some of the trafficking incidents alleged in the SAC are timely such that dismissal at the pleading stage would be premature.

**B. Motion to Strike**

Defendant moves, in the alternative, to strike from the SAC "any redundant, immaterial, impertinent, or scandalous matter." Mot., ECF 71 (quoting Fed. R. Civ. P. 12(f)). "Motions to strike are generally not granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992). Courts view the pleading "in the light more favorable to the pleader." *Bassiri v. Xerox Corp.*, 292 F. Supp. 2d 1212, 1220 (C.D. Cal. 2003), *rev'd on other grounds*, 463 F.3d 927 (9th Cir. 2006).

Defendant moves to strike Plaintiff's allegations that cite reports, articles, and online stories about sex trafficking in the hospitality industry; online reviews of the Residence Inn; and facts that predate March 16, 2013. Mot., ECF 71 at 21–22. This Court does not find the cited material so immaterial, impertinent, or scandalous such that it "could have no possible bearing on the subject matter of the litigation." *LeDuc*, 814 F. Supp. at 830. As stated above, the facts

PAGE 9 – OPINION AND ORDER DENYING MOTION TO DISMISS

that predate March 16, 2013, are material to allegations concerning Defendant's knowledge during events that occurred within the statute of limitations, even if this Court ultimately concludes that the continuing tort doctrine does not apply. Defendant's motion to strike is denied.

## CONCLUSION

Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint, ECF 71, is DENIED.

**IT IS SO ORDERED.**

DATED this 31st day of December, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 10 – OPINION AND ORDER DENYING MOTION TO DISMISS